UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT SCOTT MATTINGLEY,<br>            Plaintiff,<br><br>     v.<br><br>ANDERSON, et al.,<br>            Defendants. | CIVIL ACTION<br>NO. 18-12170-DHH |

**REPORT AND RECOMMENDATION**

**May 12, 2021**

Hennessy, M.J.

On October 18, 2018, *pro se* Plaintiff Robert Scott Mattingley filed the instant complaint alleging violations of his Eight Amendment rights relating to his incarceration at Federal Medical Center - Devens. (Docket #1). On February 22, 2019, the undersigned entered an order granting the plaintiff's motion for leave to proceed *in forma pauperis* and directing the Clerk to issue summonses for service of the complaint on the Defendants. (Docket #5). The order noted that Plaintiff had 90 days from the date of issuance of the summons to complete service. (Id.). The summons issued that same day and were mailed to Plaintiff. (Dockets #7, 8). On March 13, 2019, the court received a letter from Plaintiff stating that he was dismissing Defendant Anderson from the action. (Docket #9). He also indicated that he had not received a summons for one of the

named Defendants and requested that he be sent that document. (Id.). The court mailed the summons to Plaintiff that same day.

Pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety (90) days after the complaint is filed, the court on its own, after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Thus, on April 9, 2021, noting that Defendants had yet to be served, the undersigned ordered Plaintiff to complete service upon Defendants by April 23, 2021. (Docket #10). The undersigned warned Plaintiff that failure to comply with this order would result in the court's dismissal of the case without prejudice.

Despite this warning, Plaintiff has not filed any proof of service upon Defendants.[1] Therefore, the undersigned hereby directs the Clerk to reassign this matter to a district judge and recommends that the court dismiss the case without prejudice.[2]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] On April 22, 2021, the order was returned to the court as undeliverable. (Docket #12). Although a review of the Bureau of Prisons inmate locator revealed that Plaintiff was released from federal detention on May 27, 2020, Plaintiff has never updated his address with the court. See https://www.bop.gov/inmateloc/ (last visited May 11, 2021). *Pro se* parties are required to inform the clerk of any change of name, address, telephone number, or e-mail address within 14 days of the change. L.R. 83.5.5(h). "Any notice sent by the clerk or any party to a *pro se* party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the *pro se* party." Id. The undersigned notes that failure to comply with Local Rule 83.5.5(h) may, in itself, result in dismissal. See L.R. 1.3.

[2] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).